IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 2:23-cr-00031-14

LES VAN BUMPUS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is Defendant Les Van Bumpus's ("Defendant") Motion for Release from Custody pursuant to 18 U.S.C. § 3143(a). (ECF No. 382.) For the reasons set forth below, Defendant's motion is **DENIED.**

*I.    BACKGROUND*

On March 22, 2023, Defendant was indicted on Count Three of the Superseding Indictment for conspiracy to distribute a quantity of fentanyl in violation of 21 U.S.C. § 846. (ECF No. 55). After a contested detention hearing, Magistrate Judge Dwayne L. Tinsley ordered that Defendant be detained pending trial based on the following findings: (1) by preponderance of evidence that Defendant was a flight risk; (2) by clear and convincing evidence that Defendant was a danger to the community; and (3) that there was no condition or set of conditions that would exist for Defendant's release. (ECF No. 172.) In his subsequent Order of Detention Pending Trial, Magistrate Judge Tinsley elaborated on these reasons for detention, citing, *inter alia*, Defendant's criminal history, previous attempts to evade law enforcement, and prior violations of supervised

release.  (ECF No. 195.)  In the three and a half months following the detention order, Defendant did not file a motion for revocation or amendment of the detention order or a notice of appeal pursuant to 18 U.S.C. § 3143.

On July 11, 2023, Defendant appeared before this Court and entered a guilty plea to Count Three of the Superseding Indictment, (ECF No. 357), which carries a statutory minimum sentence of not less than ten years.  21 U.S.C. §§ 841(b)(1)(A), 846.  On July 16, 2023, Defendant filed the pending Motion for Release from Custody, claiming, *inter alia*, that Defendant "is not a flight risk and does not pose a danger to any other person or the community if released."  (ECF No. 283.)  The United States (the "Government") filed a response in opposition on July 17, 2023.  (ECF No. 382.)  As such, this motion is fully briefed and ripe for adjudication.

## II.     LEGAL STANDARD

The parties contest the nature of Defendant's motion.  Each potential legal standard is outlined below.[1]

### A.     18 U.S.C. § 3142

Title 18, United States Code, Section 3142, which governs the release and detention of defendants pending trial, provides:

> The judicial officer shall order the pretrial release of the person . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

---

[1] To the extent Defendant's motion could be construed as an objection to Magistrate Judge Tinsley's detention order, the motion fails because it is untimely.  Fed. R. Crim. P. 59(a) (providing that a defendant must serve and file objections to a magistrate judge's ruling on a non-dispositive matter within 14 days, or he waives any right to review).

18 U.S.C. § 3142(b). Further, a detention hearing may be reopened at any time before trial upon a finding by the judicial officer that "information exists that was not known to the movant at the time of the [detention] hearing" that may alter the court's determination that release will not reasonably assure the appearance of the person as required or endanger the safety of any other person or the community. 18 U.S.C. § 3142(f)(2).

B.   18 U.S.C. § 3143

Similarly, Title 18, United States Code, Section 3143, governing the release and detention of defendants pending sentencing, provides in relevant part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense in a case described in [Section 3142(f)(1)(C)] and who is awaiting imposition or execution of sentence be detained, unless . . . an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and* the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added). Critically, the conjunctive "and" means that a Defendant *cannot* be released under Section 3143(a)(2) absent the Government's affirmative recommendation that the defendant not be sentenced to prison. *See id.*

### III.   DISCUSSION

Defendant styles the motion as a motion for release pending sentencing pursuant to 18 U.S.C. § 3143(a). The government, meanwhile, argues that the motion can only be construed as a motion to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f)(2). Regardless, Defendant's motion fails under either standard, as discussed more fully below.

A.   *Motion for Release under 18 U.S.C. § 3143(a)*

Taken as written, Defendant's motion for release pursuant to 18 U.S.C. § 3143(a) fails because that statute is inapplicable to the current posture of this case. As the Government notes, (ECF No. 383 at 3, n.1), Section 3143 only applies to defendants "who [have] been found guilty of an offense" and who are "awaiting imposition or execution of sentence." 18 U.S.C. § 3143(a)(2). Here, however, this Court deferred adjudging the Defendant guilty. (ECF No. 356.) Without a finding that the defendant is guilty, this Court cannot consider a motion for release pursuant to Section 3143(a).

Even assuming that Defendant's motion was procedurally proper under Section 3143(a), Defendant's argument still fails. Section 3143(a)(2) mandates that a defendant be detained unless the Government has recommended that no sentence of imprisonment be imposed. Here, the government made no such recommendation. Accordingly, this Court finds that Defendant must be detained pursuant to Section 3143(a)(2).

Thus, under 18 U.S.C. § 3143, Defendant's motion fails.

B.	*Motion to Reopen the Detention Hearing under 18 U.S.C. § 3142(f)(2)*

Defendant's motion fares no better when construed as a motion to reopen the detention hearing. In support of his motion, Defendant musters only the most meager reasons for release. First, Defendant has stable housing and a full-time job awaiting him. Second, both housing and employment will be provided by Defendant's father, who would act as his near constant chaperone. Third, allowing Defendant to work will be financially beneficial to both himself and his father. Unfortunately for Defendant, none of these reasons constitutes new information, that is "information . . . that was not known to the movant at the time of the [detention] hearing" as required under 18 U.S.C. § 3142(f)(2).

Even if the Court were to construe Defendant's motion as setting forth new information, the outcome would be no different.  Giving Defendant's motion the most charitable interpretation, his representations relating to employment, housing, and parental supervision have little bearing on "whether there are conditions of release that will reasonably assure [his] appearance . . . as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2).  Indeed, nothing in the motion assuages the Court's concerns about Defendant's criminal history, which includes three revocations of his supervised release.  The first resulted from fleeing in a vehicle while driving over 80 miles an hour on the wrong side of the road.  (ECF No. 195 at 3.)  The second included possession of a firearm and kidnapping.  *Id.*  By the third, Defendant combined fleeing in a vehicle while under the influence with possession of a firearm and kidnapping.  *Id.* While these incidents raise serious doubts about Defendant's likelihood of appearing at future proceedings and the safety of others in the community, Defendant limits his discussion on this issue to a conclusory assertion that he "is not a flight risk and does not pose a danger to any other person or the community if released."  (ECF No. 382 at 2.)  As such, the information provided has no material bearing as required under 18 U.S.C. § 3142(f)(2).

Thus, Defendant's motion fails to satisfy the standard necessary to reopen his detention hearing.

### IV.   CONCLUSION

Accordingly, for the reasons stated above, Defendant's motion for release from custody pending sentencing, (ECF No. 382), is **DENIED.**

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: August 15, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE